**STANDFACTS CREDIT SERVICES;** Credit Lenders Service Agency, Inc.; Credit Pulse, Inc., Plaintiffs—Appellants,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.;** Equifax, Inc. Transunion, LLC, Defendants—Appellees.

No. 07–55252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2008.

Filed Sept. 22, 2008.

Jonathan Rubin, Esquire, Patton Boggs LLP, Attorneys at Law, Washington, DC, Dennis Stewart, Esquire, Hulett Harper Stewart, San Diego, CA, Patrice A. Talisman, Esquire, Hersch & Talisman, P.A.,

Coconut Grove, FL, for Plaintiffs–Appellants.

Thomas Demitrack, Esquire, Jones Day, Cleveland, OH, Eric P. Enson, Esquire, Jones Day, William A. Molinski, Esquire, Orrick Herrington & Sutcliffe, LLP, Brian C. Frontino, Esquire, Stroock & Stroock & Lavan LLP, Los Angeles, CA, Donald E. Bradley, Esquire, Crowell and Moring LLP, Irvine, CA, Michael P. Kenny, Esquire, Jon L. Spargur, Jr., Esquire, Alston & Bird, Atlanta, GA, Dao L. Boyle, Esquire, James K. Gardner, Esquire, Neal Gerber & Eisenberg, Chicago, IL, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, KLEINFELD and RAWLINSON, Circuit Judges.

## MEMORANDUM *

We review de novo the district court's dismissal of plaintiffs' claim pursuant to Rule 12(b)(6), and accept as true plaintiffs' factual allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir.2007). Dismissal is proper where plaintiffs "lack ... a cognizable legal theory" or fail to allege "sufficient facts ... under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). However, "[c]onclusory allegations and unreasonable inferences ... are insufficient to defeat a motion to dismiss." *Sanders*, 504 F.3d at 910. *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

1. We accept plaintiffs' market definition because market definition is essentially a question of fact. *Oahu Gas Serv., Inc. v. Pac. Res., Inc.*, 838 F.2d 360, 363 (9th Cir.1988). Each defendant has a monopoly in the relevant market for purposes of this appeal—the wholesale market for its own credit data for use in tri-merged Mortgage Credit Reports.

■ 2. It is undisputed that the source of defendants' monopoly power in the wholesale market is the tri-merged requirement adopted by the Government Sponsored Entities ("GSEs"). The independent resellers have no direct control over the tri-merged requirement. Nor do they allege facts showing that their advocacy has been effective at getting the GSEs to seriously contemplate abandoning the tri-merged requirement. The resellers' lack of influence is fatal to plaintiffs' theory that defendants are perpetuating the requirement—and with it their monopolies—by driving independent resellers out of business.

■ 3. Nor can plaintiffs attribute the continued existence of the requirement to defendants' alleged misrepresentations, because plaintiffs themselves point to publicly available studies showing that defendants' raw credit data is highly inaccurate. *See Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc.*, 108 F.3d 1147, 1152 (9th Cir.1997).

■ 4. The pleadings also fail to provide a basis for proving antitrust injury. Plaintiffs don't want to enter the wholesale market and don't identify any other potential entrant. *See Brooke Group, Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 222, 113 S.Ct. 2578, 125 L.Ed.2d

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

168 (1993); *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1465–66 (9th Cir.1993). The other harms plaintiffs allege suffering would only constitute an antitrust injury if their willful monopoly maintenance theories were viable.

**AFFIRMED.**